# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1619V
UNPUBLISHED

| | |
|---|---|
| KELSEY RATHJEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 24, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

On October 19, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain‑Barré Syndrome ("GBS") resulting from the influenza vaccination she received on October 19, 2015. Petition at 1, ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 25, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On September 24, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $185,736.65, representing $180,000.00 for her pain and suffering, $5,565.23 for her past

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreimbursable expenses, and $171.42 for "payment of an outstanding bill for services provided to [P]etitioner by Carepoint Outpatient Blue Sky Neurology, PLLC." Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award $185,736.65** as follows:

**1. A lump sum payment of $185,565.23, representing $180,000.00 for Petitioner's pain and suffering and $5,565.23 for Petitioner's actual unreimbursable expenses in the form of a check payable to Petitioner;** and

**2. A lump sum payment of $171.42, representing compensation for payment of an outstanding bill for services provided to Petitioner by Carepoint Outpatient Blue Sky Neurology, PLLC in the form of a check payable jointly to Petitioner and**

**BSNOP – Carepoint Outpatient Blue Sky Neurology PLLC**
**P.O. Box 17528**
**Denver, CO 80217-7528**

Petitioner agrees to endorse this check to Carepoint Outpatient Blue Sky Neurology PLLC.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      <u>s/Brian H. Corcoran</u>
                                      Brian H. Corcoran
                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| KELSEY RATHJEN, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> SECRETARY OF HEALTH AND ) </br> HUMAN SERVICES, ) </br> ) </br> Respondent. ) | **No. 18-1619** </br> **Chief Special Master Corcoran** </br> **ECF** |

## PROFFER ON AWARD OF COMPENSATION

On October 25, 2019, respondent filed a Rule 4(c) Report, in which he conceded that petitioner experienced the onset of Guillain-Barre syndrome within the time period set forth in the Vaccine Injury Table, following her receipt of an influenza vaccine administered on October 19, 2015; that the records show that the case was timely filed; that the vaccine was received in the United States; and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. ECF No. 21. That same day, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. Docket No. 22.

### I. Items of Compensation

A. Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $180,000.00 for her actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Respondent proffers that the Court should award petitioner the following payments for past unreimbursable expenses, as provided under 42 U.S.C. § 300aa-15(a)(1)(A):

1. A lump sum of $5,565.23, which amount represents compensation for past unreimbursable expenses.

2. A lump sum of $171.42, which amount represents payment of an outstanding bill for services provided to petitioner by Carepoint Outpatient Blue Sky Neurology PLLC.

Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. The parties recommend that the compensation provided to Kelsey Rathjen should be made through a combination of lump sum payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $185,565.23, representing compensation for pain and suffering ($180,000.00), and past unreimbursable expenses ($5,565.42), in the form of a check payable to petitioner, Kelsey Rathjen.

B. A lump sum payment of $171.42, which amount represents payment of an outstanding bill for services provided to petitioner by Carepoint Outpatient Blue Sky Neurology PLLC, in the form of a check payable jointly to petitioner, Kelsey Rathjen, and

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future future pain and suffering.

BSNOP – Carepoint Outpatient Blue Sky Neurology PLLC
P.O. Box 17528
Denver, CO  80217-7528

Petitioner agrees to endorse the check to Carepoint Outpatient Blue Sky Neurology PLLC.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/  Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4138
claudia.gangi@usdoj.gov

Dated:  September 24, 2020

3